## MABEL LASSITER v. STATE.

No. A-7240. Opinion Filed April 19, 1930.
(287 Pac. 756.)

H. E. Chandler, A. C. Sinclair, and Pat Leone, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was by information charged jointly with John Doe, Robert Doe, and Bill Doe, whose names were unknown to the pleader, was tried separately and convicted, and sentenced to serve a term of five years in the state penitentiary at McAlester.   From which sentence the defendant has appealed to this court.

The testimony on behalf of the state is in substance that the defendant Mabel Lassiter and Gordon Lassiter, her former husband, and two other men left the city of Tulsa on the 25th day of February, 1928, in a car, and drove through to Kansas City; that on the 26th they left Kansas City and started back to Tulsa.   Shortly before reaching the town of Miami, in Ottawa county, Okla., they had some car trouble and came upon a Mr. Stoddard, and compelled him to take them in his car and drive on to Miami.   When they got to Miami, they compelled him to drive on until they came to a filling station on highway 66, south and west of the city of Miami, where they stopped ostensibly to get a casing fixed.   While Mr. Fletcher, who was running the filling station, was helping to fix the casing, two of the men threw their guns on him and robbed him of about $60 in money, and then robbed other parties who were visiting the family of Mr. Fletcher.   As the casing was not fixed on the Stoddard car, they took a car of Floyd Dushane and started on west on highway 66.   After they had driven about two miles, the car went dead, they got out of the car and took their suitcases out of the car and put them in a draw a short distance from the road, and walked to Mr. Harper's place, where they got him up

and told him the defendant in this case was sick, and they wanted him to drive her to a doctor at Afton. Mr. Harper suggested it was a shorter distance to Miami, where there was a hospital, but the defendant and the other parties insisted they wanted to go to Afton. After they had started in Mr. Harper's car, they told him to keep on driving, and held their guns on Mr. Harper and compelled him to drive. Later they made him get in the rear seat and let one of the men with the defendant drive the car. They drove through the different towns, and, when they got to Claremore, the defendant suggested they leave highway 66 and go a different road into Tulsa, which they did.

It is the defendant's contention that, when they left Tulsa the night before the robbery of the filling station the following night in Ottawa county, the men compelled the defendant to get ready and go with them, and, when she got out of the car they were driving and got in the Stoddard car, she had nothing to do with anything the men that were with her did, and that, when they reached the filling station where Mr. Fletcher and other parties were robbed, she took no part in the robbery. No explanation is given by the defendant as to why she continued to travel with Gordon Lassiter and the two men, nor is there any explanation given why she did not leave them. She was with them all the time at the filling station while Mr. Fletcher was being robbed, and also with them when they went to the Harper home, and then rode with them in the Harper car into Tulsa, and is the one who suggested they leave highway 66 at Claremore and go into Tulsa from another road. This is in substance the testimony.

Twelve errors are assigned by the defendant alleged to have been committed by the trial court. The tenth assignment is that the court erred in overruling defendant's motion for a new trial. This assignment substantially

covers all the questions discussed by the defendant in her brief. The defendant contends that the evidence is insufficient to make out a case against her; that the court erred in not directing the jury to return a verdict in favor of the defendant. With this contention we cannot agree. The testimony conclusively shows that the defendant was with Gordon Lassiter and the other men all the way from Tulsa up to and including the time they returned to Tulsa; that, when they changed from the car they were driving to the Stoddard car, she got out voluntarily and got into the Stoddard car; that, when they reached the Fletcher filling station, the Stoddard car was left there, and the Dushane car taken; that she got into the Dushane car and rode with these parties until the car went dead, and took the grips, including the one containing the wearing apparel of the defendant, a short distance from the road, and left them and walked on to the home of Harper, and from the Harper home went on with the other parties to Tulsa, and on the way suggested a road by which they should return instead of remaining on highway 66. We think the testimony is amply sufficient to sustain the verdict of the jury.

Finding no errors in the record sufficient to warrant a reversal, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.